PER CURIAM:
On August 23, 2017, the district court granted permanent injunctions against the enforcement of Sections 1 through 15 and Sections 17 through 22 of Senate Bill 14 (SB 14) and against the enforcement of Senate Bill 5 (SB 5). The State filed an emergency motion to stay these injunctions. The United States filed a response in our court, consenting to a stay pending appeal. The appellees opposed the State’s motion.
The district court enjoined the enforcement of SB 14 and SB 5 seven days before the Texas Secretary of State’s internal deadline to finalize voter-registration certificates. These certificates must go to the printer by September 18. This deadline ensures that county registrars can issue voter-registration certificates as required by statutory deadlines before scheduled elections. To ensure that all necessary appellate review can be concluded in time for impending local elections, the State seeks a ruling of this court by September 7.
In its August 30 order, the district court granted a limited stay only to allow specific cities and school districts to proceed with, and conclude, their already ongoing elections. However, the district court ordered that no other elections can be conducted under the August 10, 2016 Order Regarding Agreed Interim Plan for Elections (Interim Order) because this August 23, 2017 order superseded its Interim Order.[1]
The Texas Legislature enacted SB 5 in 2016 to cure any statutory and constitutional violations related to SB 14 after Veasey v. Abbott, 830 F.3d 216 (5th Cir. 2016) (en banc).[2] SB 5 allows voters with *391 out qualifying photo ID to cast a regular ballot after selecting, under the penalty of perjury, the reason they do not have qualifying photo ID.
We consider four factors in deciding whether to grant a stay pending,,appeal: “(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.” Nken v. Holder, 556 U.S. 418, 425-26, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).
The State has made a strong showing that it is likely to succeed on the merits. SB 5 allows voters without qualifying photo ID to cast regular ballots by executing a declaration that they face a reasonable impediment to obtaining qualifying photo ID. This declaration is made under the penalty of perjury. As the State explains, each of the 27 voters identified— whose testimony the plaintiffs used to support their discriminatory-effect claim—can vote without impediment under SB 5.
The State has made a strong showing that this reasonable-impediment procedure remedies plaintiffs’ alleged harm and thus forecloses plaintiffs’ injunctive relief.
The State has also made an adequate showing as to the other factors considered in determining a stay pending appeal. When a statute is enjoined, the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws. Maryland v. King, 567 U.S. 1301, 133 S.Ct. 1, 3, 183 L.Ed.2d 667 (2012) (Roberts, C.J., in chambers); see also Walters v. Nat’l Ass’n of Radiation Survivors, 468 U.S. 1323, 1324, 105 S.Ct. 11, 82 L.Ed.2d 908 (1984) (Rehnquist, J., in chambers). Because the State is the appealing party, its interest and harm merge with that of the public. Nken, 556 U.S. at 435, 129 S.Ct. 1749.
The State has already spent $2.5 million in 2016 to educate voters about the availability of the SB 5 reasonable-impediment procedures, which were used in the November 2016 general election and local elections this year. A temporary stay here, while the court can consider argument on the merits, will minimize confusion among both voters and trained election officials. The dissent’s position that we should “carefully consider the importance of preserving the status quo on the eve of an election” only when that election is nationwide or statewide is without support and arguably in tension with our statement in Veasey that the impact of a late-issued injunction in “some isolated precincts” raised significant concern. Veasey v. Perry, 769 F.3d 890, 894 (5th Cir. 2014).
A temporary stay here is also consistent with our earlier decision to grant a motion to stay the implementation of SB 14 “based primarily on the extremely fast-approaching election date.” Veasey, 769 F.3d at 892. As the United States explains in its brief, a stay will “retain procedures endorsed by the parties and the district court.”
Pursuant to this Order, the district court’s Interim Order and its reasonable-impediment procedures will remain in effect for elections in 2017. The parties agreed to these procedures, and the district court approved them. In fact, the dissenting opinion itself appears to agree that the continued use of the parties’ *392 agreed-upon remedy, the Interim Order, is the relevant status quo ante. Because again we face 'impending elections, a temporary stay is appropriate to “suspendí] judicial alteration of the status quo.” Nken, 556 U.S. at 429, 129 S.Ct. 1749.
Given the district court’s broad' orders permanently enjoining the enforcement of relevant sections of SB 14 and SB 5 and also enjoining upcoming elections pursuant to the Interim Order, a .temporary stay will allow this court to hear oral arguments and rule on the merits while preserving .the status quo.
We have addressed only the issues necessary to rule on the motion to stay pending appeal, and our determinations are for that purpose and do not bind the merits panel. See generally Mattern v. Eastman Kodak Co., 104 F.3d 702, 704-05 (5th Cir. 1997), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).
IT IS ORDERED that Appellants’ opposed motion for stay pending appeal is' GRANTED, the district court’s injunction orders are STAYED, until the final disposition of this appeal, in accordance with this opinion, and all' proceedings in the-district court are STAYED.
The Clerk of the Court is directed to issue an expedited briefing schedule and to calendar this matter for oral argument before a merits panel, on the court’s next available oral argument docket,

. The Interim Order approved specific voting procedures in light of Veasey v. Abbott, 830 F.3d 216 (5th Cir. 2016) (en banc). There, the district court ordered that the procedures remain in place “until further order of this Court.”

. When this court remanded the case to the district court, the scope of the mandate only included the discretion to consider "any interim legislative action with respect to SB 14” in fashioning an "interim remedy for SB 14’s discriminatory effect.” Veasey, 830 F.3d at 272 (en banc). We explicitly stated that should the legislature again address the issue of voter identification, "[a]ny concerns about a new bill would be the subject of a new appeal for another day.” Id. at 271. By enjoining SB 5 from taking effect on January 1, 2018, the district court went beyond the scope of the mandate on remand. See Gen. Universal Sys., Inc. v. HAL, Inc., 500 F.3d 444, 453 (5th Cir. 2007) (stating "the mandate rule requires a district court on remand to effect our mandate and to do nothing else” and that the district court "must implement both the letter and the spirit of the appellate court’s mandate”). Puzzlingly, the district court itself noted that it was only considering SB 5 in relation to any remedial effect the bill had on SB 14 and that "[i]t would be premature to try to evaluate SB 5 as the existing voter ID law in Texas because there is no pending claim to that effect before the Court,” Veasey v. Abbott, — S.W.3d -, - n.9, 2017 WL 3620639, at *5 n.9 (S.D. Tex. Aug. 23, 2017), but then proceeded to enjoin the enforcement of SB 5. Simply put, whether SB 5 should be en *391 joined—as opposed to whether it remedies SB 14’s ills—was not an issue before the district court on remand.